COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



UNION PACIFIC RAILROAD
COMPANY,


 Appellant,


v.



JOSE MIGUEL TORRES, Individually
and on Behalf of the Estate of FLORA
TORRES, Deceased, and on Behalf of the
Estate of HAIDE TORRES, Deceased,
FLORA TORRES, JOSE M. TORRES,
JR., and PEDRO GOMEZ and AURORA
LUCERO, Individually and as Parents of
FLORA TORRES, Deceased,

 

Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


§

 

§

 

§


No. 08-06-00023-CV



Appeal from the


384th District Court


of El Paso County, Texas


(TC# 2003- 1625)



O P I N I O N


 Pending before the Court is a Joint Motion to Abate the Appeal, in which the parties
requested that the Court abate the appeal pending the execution of a final settlement agreement. See
Tex. R. App. P. 42.1(a)(2)(C). The Court, having received notice that the parties have executed a
final settlement, is of the opinion that the motion is now moot.

 Also pending before the Court is a Joint Motion to Vacate Judgment Pursuant to Settlement. 
See Tex. R. App. P. 42.1(a)(2)(B). The parties represent to the Court that they have achieved a
voluntary resolution and settlement of the underlying case and request that the Court: (a) vacate the
judgment of the trial court without reference to the merits; (b) remand the case to the trial court for
entry of a take-nothing judgment pursuant to settlement; and (c) command that each party bear its
own court and litigation costs.

 Having considered both motions, we grant the Joint Motion to Vacate Judgment Pursuant
to Settlement, and deny the Motion to Abate the Appeal. See Tex. R. App. P. 42.1(a)(2). The
trial court's judgment is therefore vacated and the case remanded for further action in accordance
with the parties' settlement agreement pursuant to Tex. R. App. P. 42.1(a)(2)(B). The Motion to
Abate the Appeal is denied as moot. Costs are taxed against the party incurring the same,
pursuant to the parties' agreement. See Tex. R. App. P. 42.1(d).


 KENNETH R. CARR, Justice


August 16, 2007


Before Chew, C.J., McClure, and Carr, JJ.